[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15608
Non-Argument Calendar
_____

D.C. Docket No. 6:04-cr-00105-JA-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND WILLIAMS,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 4, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:


Raymond Williams, appearing *pro se*, appeals the district court's denial of

his motion for a reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). In

response, the United States has moved for summary affirmance of the district court's decision based on its belief that our controlling precedent clearly establishes that Mr. Williams is ineligible for a sentence reduction. After review, we agree with the government and, therefore, affirm.

On July 29, 2004, Mr. Williams pled guilty to three counts of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Both parties agree that Mr. Williams qualified as a career offender under U.S.S.G. § 4B1.1, which subjected him to an enhanced sentencing guideline range of 188 to 235 months' imprisonment. The district court sentenced Mr. Williams as a career offender to three concurrent terms of 188 months' imprisonment.

On May 6, 2008, the district court *sua sponte* ordered both parties to address whether Mr. Williams was eligible for a sentence reduction under § 3582(c)(2) based on the retroactivity of Amendment 706 to the Sentencing Guidelines. The district court determined that Mr. Williams was ineligible for a sentence reduction because he was sentenced as a career offender, and, consequently, his applicable guideline range was not affected by Amendment 706. We affirmed the district court's order. *See* D.E. 79.

On August 27, 2012, Mr. Williams filed a new § 3582(c)(2) motion arguing that, even though he was a career offender, he was entitled to a sentence reduction based on Amendment 750 to the Sentencing Guidelines. The United States filed a

response in opposition, asserting that Mr. Williams is ineligible for a sentence reduction because he was sentenced as a career offender and, therefore, Amendment 750 does not impact his sentencing range. The district court denied Mr. Williams' motion, and this appeal followed.

"In a § 3582(c)(2) proceeding, 'we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.'" *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3528(c)(2), a district court may reduce the terms of a defendant's imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. If, however, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330.

In this case, Mr. Williams is not eligible for a reduced sentence under Amendment 750 because he was sentenced as a career offender under § 4B1.1. His sentencing guidelines remain unchanged because § 4B1.1 was not affected by Amendment 750. *See id*. at 1327 (holding that defendants sentenced as career offenders under § 4B1.1 are not entitled to sentence reductions based on Amendment 706, which amended the base offense levels for crack cocaine offenses in § 2D1.1); *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.

2012) (holding that *Moore* remains binding precedent and applies to Amendment 750).

Mr. Williams' claim for relief under the Fair Sentencing Act is similarly foreclosed by our binding precedent. In *United States v. Berry,* 701 F.3d 374, 377 (11th Cir. 2012), we held that the Fair Sentencing Act is not a guidelines amendment by the Sentencing Commission and, therefore, cannot be the basis for a sentence reduction under § 3582(c)(2). In addition, Mr. Williams was sentenced before the effective date of the FSA, and it is not retroactively applicable to him. *See id. (*"We agree with every other circuit to address the issue that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'") (citation omitted). *See also United States v. Hippolyte,* No. 11-15933, ___ F.3d ___, ___, 2013 WL 978695, at *5 (11th Cir. Mar. 14, 2013) (same*).*

Finally, Mr. Williams' Fourteenth Amendment equal protection challenge is the type of "extraneous resentencing issue" that is not cognizable in a § 3582(c)(2) motion. *See United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that the district court did not have jurisdiction to address defendant's constitutional claim in a § 3582(c)(2) proceeding). *See also Dillon v. United States*, 560 U.S. ___, ____, 130 S.Ct. 2683, 2691-92 (2010) (noting that § 3582(c)(2) has a limited scope and purpose). Because the district court lacked jurisdiction to

4

address this constitutional issue, it could not have plainly erred by failing to consider *sua sponte* Mr. Williams' equal protection challenge. If Mr. Williams desires to make a constitutional challenge to his sentence, § 3582(c)(2) is not the proper vehicle.

For these reasons, we find that all of the arguments raised by Mr. Williams are squarely foreclosed by our prior precedent, and "there can be no substantial question as to the outcome of this case." *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (summary disposition is appropriate in cases where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). Accordingly, the United States' motion for summary affirmance is granted, the judgment of the district court is affirmed, and the United States' alternative motion for extension of time to file a brief is denied as moot.

**AFFIRMED**.